*E-FILED: March 26, 3013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SAU MING TAI,

Plaintiff,

v.

CAROLYN W. COLVIN[1], Acting Commissioner of Social Security,

Defendant.

/

No. C11-04273 HRL

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**[Re: Docket No. 21, 24]**

In this Social Security action, plaintiff Sau Ming Tai ("Plaintiff" or "Tai") appeals a final decision by the Commissioner of Social Security Administration ("Defendant" or "Commissioner") denying her application for Social Security disability insurance benefits. Presently before the court are the parties' cross-motions for summary judgment. The matter is deemed fully briefed and submitted without oral argument. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Upon consideration of the moving papers, and for the reasons set forth below, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.

## I. BACKGROUND

Sau Ming Tai was 60 years old when the Administrative Law Judge ("ALJ") rendered the decision under review in this action. Administrative Record ("AR") 148, 16, 18. Her prior work

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

United States District Court
For the Northern District of California

experience includes working as the owner of a restaurant for 24 years, from March 1983 to June, 2007. AR 174. As the owner of her restaurant, she worked 12 hours per day, six days a week. AR 174. She managed the daily grocery shopping, acted as the main server, administered payroll, and served as a cashier. AR 174. Her role also included book keeping, light cooking, and cleaning. AR 174.

In 2005, Plaintiff was diagnosed with breast cancer. She underwent chemotherapy and radiation treatments that year. She returned to work, but testified that, for the first six months after her treatment, she only worked part-time. AR 45. In June 2007, she sold the restaurant. AR 41. She worked at her restaurant until the day she sold it, and she worked for the new owner for a couple days. AR 41, 46.

Plaintiff filed an application for Social Security disability benefits, claiming to be disabled as of June 30, 2007 based on carpal tunnels in her hands and wrists, and side effects from her cancer treatment, including fatigue, troubles breathing, lung damage, memory problems, dry eyes, and dry mouth. AR 173.

Plaintiff's claim was denied initially and upon reconsideration. She then filed a request for hearing before an ALJ. In a decision dated June 14, 2010, the ALJ found that Plaintiff had not been under a disability within the meaning of the Social Security Act from June 30, 2007 through the date of the decision. AR 12. The ALJ evaluated Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. See 20 C.F.R. § 404.1520 (2007). At step one, he found that Tai had not engaged in substantial gainful activity since June 30, 2007. AR 14. At step two, he found that Plaintiff did not have a severe physical or mental medically determinable impairment under 20 C.F.R. 404.1520(c), and was therefore not disabled. AR 15.

Although the ALJ found that Plaintiff was not disabled at step 2, he nonetheless engaged in an alternative analysis to assess some functional limitations noted by the Disability Determination Services reviewers and the consultative examiner. In the alternative analysis, the ALJ examined the following impairments: status post breast cancer; status post mastectomy; status post chemotherapy with resultant chronic neck pain; finger numbness secondary to chemotherapy; and chronic dry eyes

United States District Court
For the Northern District of California

secondary to chemotherapy. AR 15. The ALJ stated that these impairments could "arguably" cause more than minimal limitations in Plaintiff's ability to perform basic work activities. AR 15. Even under the alternative analysis, the ALJ found that Plaintiff was not disabled. AR 15. Plaintiff did not allege that she had an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. 404, Subpart P. At step 3 of the alternative analysis, however, the ALJ considered whether the severity of Plaintiff's impairments, separately or in combination, met or medically equaled listing sections 1.02 (major joint dysfunction), 1.04 (disorders of the spine), 3.01 (respiratory system impairments), or 13.01 (malignant neoplastic diseases). AR 15. He found that they did not. AR 15.

At step 4 of the alternative analysis, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a wide range of light work, and therefore was not disabled under the Social Security Act. AR 16. The ALJ found that Plaintiff was capable of light exertional activity, but must periodically alternate standing and sitting every one hour to relieve pain or discomfort. AR 16.

Finally, at step five of the alternative analysis, the ALJ referred to the opinion of Vocational Expert ("VE") Mary R. Ciddio, who testified at the hearing. AR 18. The ALJ found that Plaintiff was capable of performing her past relevant work as a food service manager and a short order cook as those jobs are generally performed in the national economy. AR 18. The ALJ also found that that Plaintiff was capable of performing her past relevant work as a chef and Chinese food preparer, as she had performed those positions. AR 18.

The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. 405(g), this court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521,523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere

United States District Court
For the Northern District of California

scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; see also *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

## III. DISCUSSION

Plaintiff contends that the ALJ's decision should not be affirmed because (1) the ALJ did not provide "clear and convincing" reasons for rejecting Tai's testimony regarding her functional limitations; and (2) the ALJ failed to consider a written statement provided by Tai's daughter. Plaintiff requests an immediate award of benefits, or, in the alternative, remand for further administrative proceedings. Defendant points out that Plaintiff does not object to the ALJ's primary analysis and finding that Plaintiff was not disabled at step two. Defendant argues that any such objections are now waived and the ALJ's primary finding of no disability at step two should automatically stand. Defendant also argues that the ALJ's alternative findings are supported by substantial evidence and free of legal error.

### A. The ALJ's Finding At Step Two

In his primary analysis, the ALJ found that Plaintiff was not disabled because Plaintiff did not have a severe physical or mental medically determinable impairment under 20 C.F.R. 404.1520(c). Plaintiff does not object to this finding, and, in any event, the Court finds no basis for rejecting it.

The ALJ relied on his own review of the medical record, as well as the testimony and opinions of two state agency non-examining medical experts: Alexander White, M.D., an internal medicine doctor, and Walter Lewin, M.D., a psychiatrist. Drs. White and Lewin reviewed Plaintiff's medical record, appeared at the hearing over the telephone, and heard Plaintiff testify. The ALJ stated that he gave significant weight to the opinions of these doctors because they had the

opportunity to hear Plaintiff's testimony and review a much greater portion of the evidentiary record than any other medical source. AR 15.

Dr. White opined that, based on his experience and review of the record, the medical evidence did not establish the presence of a severe medically determinable physical impairment. AR 54. He testified that the record failed to establish that Plaintiff's alleged dry eyes and dry mouth were related to her past chemotherapy treatment, which had occurred in 2005, or that they had a basis in any other serious medical condition. AR 54-56. Dr. White also testified that Plaintiff's alleged symptoms of hand numbness would not be related to the chemotherapy treatment that had occurred years ago. He further testified that the record did not show any diagnosis of, or treatment for, carpal tunnels disease. AR 56, 59.

The ALJ reviewed the medical record and noted that it contained insufficient evidence of bilateral carpal tunnel syndrome, "with no EMG studies or other evidence of sensory changes." AR 15. The ALJ also noted that the record contained no evidence of any lung damage due to cancer, "including no evidence of any follow-up treatment for a history of a spot on the lung." AR 15. The ALJ found that "the alleged residuals due to the claimant's history of cancer and chemotherapy are simply not established medically as residuals." AR 15.

Dr. Lewin, the psychiatrist, testified and opined that, based on his review of the record, the medical evidence failed to establish the presence of a severe medically determinable mental impairment. AR 74. Plaintiff's attorney also stipulated on the record at the hearing that Plaintiff was not claiming disability on the basis of any mental impairment. AR 75. The ALJ concluded, at step two of the sequential evaluation process, that the claimant was not disabled.

Plaintiff does not argue that the ALJ erred in its primary analysis. And, the ALJ's finding appears to be supported by substantial evidence and free from legal error. Accordingly, the Court could affirm the ALJ's decision based on the ALJ's primary finding at step two.

**B. The ALJ's Alternative Analysis**

Normally an ALJ's analysis would end after a finding, at step two, that a claimant had no severe impairments under 20 C.F.R. 404.1520(c). Yet, for purposes of further analysis, and to "give the benefit of the doubt" to Plaintiff, the ALJ assumed *arguendo* that Plaintiff's alleged impairments

were severe, and he proceeded with an alternative analysis to assess whether these impairments rendered Plaintiff disabled. In her motion, Plaintiff argues that the ALJ erred in this alternative analysis.

**1. Credibility Determination**

Plaintiff claims that the ALJ committed legal error in his alternative analysis by failing to articulate clear and convincing reasons for rejecting Tai's testimony regarding her general weakness and fatigue, her inability to lift appreciable amounts of weight due to hand pain, and her inability to work for even three hours for the new owners of her former restaurant. *See* AR 38-39, 46.

"If the ALJ finds that claimant's testimony as to the severity of [her] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004). "[W]here the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [she] complains, an adverse credibility finding must be based on 'clear and convincing reasons.'" *Lingenfelter v. Astrue*, 504 F. 3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F. 3d at 1281.).

In his alternative analysis, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. AR 16. The ALJ did not, however, credit Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms, to the extent they were inconsistent with the ALJ's RFC assessment. AR 16.

The ALJ cited a number of specific reasons for discrediting Tai's testimony about the severity and extent of her symptoms. The ALJ cited to evidence from Tai's treating oncologist, the consultative examiner, the state agency non-examining medical consultants, a testifying medical expert, and other evidence in the record. For example, the ALJ found it significant that the record showed that Tai continued working while undergoing chemotherapy, and up until the day she sold her restaurant. AR 17, 38-42. He also found it significant that the records of Tai's treating oncologist, Dr. Gordon, show Tai as reporting that she planned to retire in the summer of 2007. *Id.; id.* at 253 ("Working full time, but fatigued (KPS 90%.); No symptoms worrisome for metastases.

United States District Court
For the Northern District of California

Planning to retire this summer!"); AR 244 ("Here for routine visit. She has now retired ('just staying home.')").

Although a lack of objective evidence supporting a claimant's symptoms cannot be the sole basis for discounting symptom testimony, the ALJ may consider it as one factor in the credibility analysis. 20 C.F.R. § 404.1529(c)(1) & (2). Here, the objective evidence and the medical opinion evidence conflicted with Plaintiff's allegations of disabling limitations. In April 2008, Joseph Garfinkel, M.D., an internal medicine doctor, performed a consultative examination of Plaintiff. AR 334. Dr. Garfinkel reported a normal examination of Plaintiff's upper and lower extremities, normal strength testing in all extremities, normal gait, and normal sensation. AR 337. For Plaintiff's wrists and hands, Dr. Garfinkle reported "[t]here is no evidence of tenderness to palpitation of the wrists. There is no evidence of Heberden's nodes noted. There are no Bouchard's nodes noted. Range of motion of wrists is grossly normal." AR 337. The ALJ cited to Dr. Garfinkel's report in discrediting Plaintiff's testimony, and relied on Dr. Garfinkel's report in setting Plaintiff's RFC, even though Dr. Garfinkel's assessment was somewhat more restrictive than the assessments of the Disability Determination Services reviewers. AR 17.

Although both Dr. Garfinkle and Dr. Gordon, Plaintiff's treating oncologist, had diagnosed Plaintiff with peripheral neuropathy[2], the ALJ noted that neither of these doctors opined that neuropathy caused Plaintiff to have manipulative or other functional limitations. AR 17. In fact, in spite of this diagnosis, Dr. Gordon's June 2007 examination revealed normal neurological findings. AR 17, 253. As mentioned above, Dr. Garfinkel's examination of Plaintiff's upper and lower extremities a year later showed normal neurological findings and normal 5/5 strength testing. AR 17, 337. The ALJ also noted that Plaintiff's treatment records do not contain diagnostic test results or clinical findings to demonstrate any neurological deficit. AR 17. The ALJ cited numerous and specific reasons for discrediting Tai's testimony at the hearing about the severity and extent of her physical symptoms. The Court is satisfied that the ALJ provided clear and convincing reasons for discrediting Plaintiff's testimony.

---

[2] Peripheral neuropathy is "a disease or degenerative state (as polyneuropathy) of the peripheral nerves in which motor, sensory, or vasomotor nerve fibers may be affected and which is marked by muscle weakness and atrophy, pain, and numbness." http://www.merriam-webster.com/medlineplus/peripheral%20neuropathy.

**2. Third-Party Testimony**

Plaintiff's daughter completed a third party function report form in January 2008. AR 164-171. In the report, Plaintiff's daughter states that Plaintiff cannot perform any physical activities for long periods of time, that she cannot lift anything over 8-10 pounds, and that her lower back will start to hurt if she sits for long periods of time. Plaintiff's daughter also indicated, by checking boxes on the form, that Plaintiff's disability affects Plaintiff's lifting, squatting, bending, standing, walking, sitting, kneeling, stair climbing, memory, task completion, concentration, and use of hands. AR 169. Plaintiff argues that the ALJ committed legal error by failing to address the third party function report.

Lay witnesses may give evidence "to show the severity of [claimant's] impairment(s) and how it affects [claimant's] ability to work." 20 C.F.R. 404.1513(d). Lay witness testimony as to a claimant's symptoms "is competent evidence that an ALJ must take into account," unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ committed legal error by failing to mention the third-party function report in his decision. The Court has reviewed the report, however, and, it does not describe any limitations beyond those described by Plaintiff. Plaintiff's daughter did not identify limitations that were more restrictive than those alleged by Plaintiff. As the ALJ cited specific, thorough reasons for discrediting Plaintiff's testimony, the ALJ's legal error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (finding that an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims) (*citing Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011).

**VI. CONCLUSION**

For the foregoing reasons, the Court finds no reason not to affirm the ALJ's primary finding, at step two, that Plaintiff is not disabled. The Court also finds that in his alternative assessment, the ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity and extent of her symptoms and that, although the ALJ committed legal error by failing to mention

United States District Court
For the Northern District of California

the third-party function report, this error was harmless. Accordingly, IT IS ORDERED THAT, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

Dated: March 26, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04273 HRL Order will be electronically mailed to:**

Ann Lucille Maley ann.maley@ssa.gov

Sundeep Ravindra Patel sundeep.patel@ssa.gov, jennifer.a.kenney@ssa.gov

Young Chul Cho young.cho@rohlfinglaw.com, enedina.perez@rohlfinglaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California